IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD W. TOMLINSON, Jr., )
)
Plaintiff, )
) CIVIL ACTION
v. )
) No. 12-2128-JWL
CAROLYN W. COLVIN,[1] )
Acting Commissioner of Social Security, )
)
Defendant. )
_____ )

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability(SSD) benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) consideration of Dr. Koprivica's medical opinion, the court ORDERS that the decision shall be REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings.

**I.   Background**

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSD on April 21, 2009, alleging disability beginning April 24, 2007. (R. 25, 140-43). The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an ALJ. (R. 25, 80-81, 102-03). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Debra Bice on November 30, 2010. (R. 25, 40-42). At the hearing, testimony was taken from Plaintiff and from a vocational expert. (R. 25, 40-79).

ALJ Bice issued her decision on February 22, 2011 finding that although Plaintiff has impairments that are severe within the meaning of the Act and is unable to perform his past relevant work, he has sufficient residual functional capacity (RFC) to perform other jobs that exist in significant numbers in the economy and is therefore not disabled within the meaning of the Act. (R. 25-35). Consequently, she denied Plaintiff's application for DIB. Id. at 25. Plaintiff sought Appeals Council review of the ALJ's decision and sought to submit additional medical evidence for the Council's consideration. (R. 11-21). After some apparent confusion in the proceedings, the Appeals Council received the additional evidence and made that evidence a part of the administrative record. (R. 5, 768-73). The Council considered the additional evidence submitted by Plaintiff but found that it does no provide a basis for changing the ALJ's decision. (R. 2). It found no reason under the rules of the Social Security Administration to review the ALJ's decision, and denied Plaintiff's request for review. (R. 1). Therefore, the ALJ's decision became the final decision of the Commissioner; (R. 1);

Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006); and Plaintiff now seeks judicial review of that decision. (Doc. 1).

## II.     Legal Standard

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).

When deciding if substantial evidence supports the ALJ's decision, the mere fact that there is evidence in the record which might support a contrary finding will not establish error in the ALJ's determination. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. [The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and noting that "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."). Moreover, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is disabled only if he can establish that he has a physical or mental impairment which prevents him from engaging in <u>any</u> substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months. Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and

4

1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084. The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. § 404.1520 (2010);[2] Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his

---

[2]Because the Commissioner's decision was issued on February 22, 2011, all citations to the Code of Federal Regulations in this opinion refer to the 2010 edition of 20 C.F.R. Parts 400 to 499, revised as of April 1, 2010, unless otherwise indicated.

past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims substantial record evidence does not support the Commissioner's decision because the ALJ erroneously evaluated the medical opinions and because the Commissioner failed properly to consider the additional medical evidence presented to the Appeals Council. He claims the ALJ failed to assess the credibility of Plaintiff's allegations of symptoms properly. The Commissioner argues that the ALJ properly considered the credibility of Plaintiff's allegations of symptoms, and properly considered the medical opinion evidence, and that the new evidence presented to the Appeals Council does not require remand.

The court finds that remand is necessary because the ALJ did not properly explain her evaluation of the medical opinions. Because the case must be remanded, the Commissioner will once again have the opportunity to consider the new medical evidence presented to the Appeals Council. Moreover, Plaintiff may make his arguments regarding

the credibility of his allegations of symptoms to the Commissioner on remand. Therefore, the court need not address those issues here.

### III. Evaluation of the Medical Opinions of Record

Plaintiff acknowledges that the ALJ accorded "substantial weight" to the treating source opinion of Dr. Stechschulte and to the non-treating source opinion of Dr. Koprivica. (Pl. Br. 21). But, she argues that the ALJ did not adopt these physicians' opinions and, in fact erred in ignoring the limitation to sedentary work included in Dr. Stechschulte's treatment records for almost a two year period, and Dr. Koprivica's opinion that Plaintiff be allowed to sit whenever necessary during periods of standing and walking work activity, and to stand whenever necessary during periods of seated work activity. Id. at 21-22.

The Commissioner argues that the ALJ could appropriately omit Dr. Koprivica's sitting and standing option because the treating physician, Dr. Stechschulte did not find such a limitation. (Comm'r Br. 8) (citing Thongleuth v. Astrue, No. 10-1101-JWL, 2011 WL 1303374, at *13 (D. Kan. Apr. 4, 2011) for the proposition that a pinpoint citation is not required for each RFC finding). She argues that although Dr. Stechschulte recommended sedentary desk work at Plaintiff's old job while he was being treated for his worker's compensation injury, the doctor found that Plaintiff's work status was for light work, and the ALJ properly relied upon this opinion in assessing Plaintiff with the RFC for light work. (Comm'r Br. 8-9).

7

In his Reply Brief, Plaintiff argues that the Commissioner misconstrues the evidence and that the ALJ's RFC assessment does not accommodate Dr. Koprivica's requirement for a sit/stand option at will. (Reply 3). Finally, he argues that "Dr. Stechschulte's medical records strongly imply that Dr. Stechschulte was not using the term 'light duty' as defined in the Social Security regulations," because Dr. Stechschulte "provided a work status of 'Light Duty' for Mr. Tomlinson, yet at the same time restricted him to 'desk work (sedentary) only.'" Id.

## A.     The ALJ's Findings

In her decision, the ALJ discussed the limitations opined by Dr. Koprivica and by Dr. Stechschulte:

> Dr. Koprivica opined that the claimant can sit for less than two hours at a time and stand or walk for one to two hours at a time, but he should avoid stairs and he cannot crawl, kneel, squat, or climb (Exhibit 6F/17 [(R. 418)]). On August 18, 2009, the claimant's treating orthopedic surgeon, Daniel Stechschulte, Jr., M.D., opined that the claimant should be limited to light duty work with no kneeling, squatting, climbing, or crawling (Exhibit 19F/3 [(R. 552)]).

(R. 32). The ALJ accorded "substantial weight" to the opinions of Dr. Koprivica and Dr. Stechschulte because the physicians "examined the claimant and reviewed the medical evidence," and because "their opinions are specific and well supported and consistent with the weight of the medical evidence." Id. As relevant to the issues raised here, the ALJ concluded that Plaintiff has the RFC to "sit for one to two hours at a time and for a total of six or more hours in an eight-hour day," and to "stand or walk for one to two

8

hours at a time and for a total of six or more hours in an eight-hour day," and that "he should never squat, crawl, kneel, or climb." (R. 33).

### B. The Record Evidence of the Physicians' Opinions

Dr. Stechschulte treated Plaintiff after he injured his right knee in a work injury on March 10, 2007, and the record includes treatment notes from Dr. Stechschulte dated from April 24, 2007 through August 18, 2009. (R. 552-656). As the ALJ cited, the final treatment note from Dr. Stechschulte on August 18, 2009 indicates that Plaintiff's work status is "Light Duty," and his permanent restrictions are "No kneeling, squatting, climbing, [or] crawling." (R. 552). Six months earlier, on February 3, 2009, Dr. Stechschulte assigned a work status of "Light Duty," and restrictions of "No kneeling, squatting, climbing, [or] crawling," and for the first time stated that the restrictions are permanent. (R. 555). Moreover, as the parties agree, during the time he treated Plaintiff, Dr. Stechschulte generally stated Plaintiff's work status was light duty, and usually included a temporary "restriction" to "Desk Work (sedentary) only." (R. 558, 561, 568, 571, 577, 589, 592, 599, 602, 605, 608, 611, 614, 621, 624, 631, 634, 637, 640, 645, 652).

Dr. Koprivica examined Plaintiff and reviewed his medical records on March 17, 2009 and provided an "independent medical evaluation" of Plaintiff's condition dated April 20, 2009. (R. 403-27). As the ALJ noted, "Dr. Koprivica opined that the claimant can sit for less than two hours at a time and stand or walk for one to two hours at a time, but he should avoid stairs and he cannot crawl, kneel, squat, or climb." (R. 32) (citing R. 418). Moreover, as the parties agree, Dr. Koprivica opined that Plaintiff "should be

9

allowed the opportunity to change posture." (R. 418). Specifically, he opined that Plaintiff should have "the flexibility of sitting whenever necessary" during his standing and walking intervals, and stated, "Captive sitting intervals should be limited to less than two hours with the flexibility of getting up when necessary." (R. 418).

### C. Analysis

With regard to Dr. Stechschulte's opinion, Plaintiff is correct that the physician restricted Plaintiff to "Light Duty" with an additional restriction to "Desk Work (sedentary) only" for more than a year and a half from May 31, 2007 through December 23, 2008. (R. 558-640, passim). However, in every case within that period except two, the record reveals that the doctor specifically stated that the restrictions were "Temporary." Id. In those two cases--on October 23, 2007 and May 1, 2008--the record is simply silent as to whether the restrictions are "temporary" or "permanent." (R. 602, 624). However, the sheer volume of instances where the doctor stated that the restrictions are temporary during that time frame suggests that he merely forgot to state that the restrictions were temporary in those two instances. Moreover, beginning on February 3, 2009, Dr. Stechschulte specifically stated that Plaintiff's work status was "Light Duty" and his restrictions were "Permanent," but he did not restrict Plaintiff to "Desk Work (sedentary) only." (R. 552, 555). The record reflects that Dr. Stechschulte knew how to restrict Plaintiff to desk work only, but he did not do so when he assigned permanent restrictions to Plaintiff. The ALJ decided to rely upon the permanent restrictions assigned

10

by Dr. Stechschulte, the record evidence supports that determination, and the court cannot find error in these circumstances.

Plaintiff's argument that Dr. Stechschulte's records imply that he was not using "light duty" as the term is defined in the Social Security regulations is a reasonable alternative view of Dr. Stechschulte's records compared to the view expressed by the ALJ. But the ALJ's view is also reasonable and is also supported by substantial record evidence. Plaintiff has not show that the ALJ's view is erroneous. Therefore, the court may not substitute its judgment for that of the ALJ. It "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. at 620.

As to Dr. Koprivica's opinion regarding the need to change at will from sitting to standing or from standing to sitting, as Plaintiff suggests, the court finds error in the ALJ's failure to discuss that opinion or to explain why he did not adopt it. The Commissioner argues only that "the ALJ could appropriately omit this restriction" from the RFC assessed because "Dr. Stechschulte, Plaintiff's treating physician, did not find Plaintiff limited to this degree." (Comm'r Br. 8) (citing Thongleuth, 2011 WL 1303374, at *13 for the proposition that a pinpoint citation is not required for each RFC finding).

The Commissioner is correct that an ALJ need not provide a pinpoint citation for each RFC finding, but the court is at a loss to see how that fact is sufficient to justify an

ALJ's failure to discuss or explain why she did not adopt a medical opinion which is contrary to her RFC assessment, especially when the contrary medical opinion was provided by a physician whose opinion the ALJ purported to give "substantial weight." It is likewise true that Dr. Stechschulte did not find that Plaintiff needed the option to sit or stand at will. However, although Dr. Stechschulte is a treating physician and Dr. Koprivica is a non-treating physician, the ALJ did not give Dr. Stechschulte's opinion controlling weight, but purported to give both physicians' opinions equal weight-- substantial weight. (R. 32).

An administrative agency must give reasons for its decisions. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). (citing Reyes v. Bowen, 845 F.2d 242, 244 (10th Cir. 1988)). The record must demonstrate that the ALJ considered all of the evidence, but the ALJ is not required to discuss every piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996). Moreover, Social Security Ruling (SSR) 96-8p includes specific narrative discussion requirements for an RFC assessment. West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2013). That discussion is to cite specific medical facts to describe how the evidence supports each conclusion. Id. It must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved. Id. If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why she did not adopt the opinion. Id. at 150.

Here, the ALJ asserted that she gave "substantial weight" to Dr. Koprivica's opinion, suggesting that the opinion is significantly probative evidence. However, she rejected the portion of the opinion requiring that Plaintiff be allowed to stand or sit at will. But, she did not discuss that significantly probative evidence she rejected. That is error. Additionally, the ALJ's RFC assessment that Plaintiff does not need the option to sit or stand at will conflicts with Dr. Koprivica's opinion that Plaintiff must be allowed to stand or sit at will, but the ALJ did not explain why she did not adopt Dr. Koprivica's opinion. That is also error.

Remand is necessary for the Commissioner to discuss Dr. Koprivica's opinion and to explain how the evidence supports the determination that Plaintiff does not need to be allowed the option to sit or to stand at will.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings.

Dated this 11th day of September 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**